Maurice B. VerStandig, Esq.
Bar No. 18071
THE BELMONT FIRM
1050 Connecticut Avenue NW
Suite 500
Washington, DC 20036
Phone: (301) 444-4600
E-mail: mac@dcbankruptcy.com
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re:<br><br>CHRISTOPHER JOHN CAHILL,<br><br>Debtor. | No. 22-16740-MCR<br><br>Chapter 7 |

**OPPOSITION TO OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTION OF PROPERTY OF THE DEBTOR'S ESTATE**

Comes now Christopher Cahill (the "Debtor" or "Mr. Cahill"), by and through undersigned counsel, in opposition to the Objection to Debtor's Second Amended Claim of Exemption of Property of the Debtor's Estate (the "Objection," as found at DE #68) filed by Laura J. Margulies, the Chapter 7 Trustee herein (the "Trustee"), and in support thereof states as follows:

**I.      Introduction**

In an abundance of caution, Mr. Cahill "stacked" his exemptions in this case – meaning that when a given asset could be exempted under more than one applicable provision of governing law, Mr. Cahill invoked both such provisions, lest one prove faulty or exhausted. The Trustee does not appear to take issue with this tactic (which is not an uncommon protective maneuver) but, rather, seemingly asserts that (i) certain asset values exceed the scope of their correlative

1

exemptions; (ii) one particular asset (a tax refund) ought not be exempt at all; and (iii) there is a lack of clarity as to the size, *vel non*, of the estate's interest in that tax refund.

The Trustee's concerns are well-taken. The majority of Mr. Cahill's assets, however, remain lawfully exempt from levy herein. The tax refund – or, at minimum, one half thereof – never entered Mr. Cahill's estate and, as such, is beyond the Trustee's purview. And, perhaps most importantly, Mr. Cahill has only invoked each exemption at "100% of fair market value, up to any applicable statutory limit."

In light of the latter point, the question is not really whether Mr. Cahill has exceeded the permissible scope of any exemption. To the contrary, he could not have done so for the simple reason that he has expressly invoked each exemption only up to the maximum amount permissible. The question, rather, appears to be which – if any – of Mr. Cahill's assets have not been fully exempted and may, *ergo*, be fodder for the Trustee's liquidation.

For these reasons, and as extrapolated upon *infra*, it is urged the Objection be denied.

**II.    Argument: The Exemptions are Permissible**

Mr. Cahill and the Trustee appear to be in accord that the exemptions, as presently stated, do not implicate specific monetary values but, rather, are each for "100% of fair market value, up to any applicable statutory limit." The Trustee does not dispute that Mr. Cahill is entitled to exempt each asset up to "any applicable statutory limits;" it seems, rather, the Trustee does not believe she can "determine how much value the Debtor is seeking to exempt for each asset." Objection, DE #68, at ¶ 16. Some discussion of the exemptions is thusly appropriate.

As a starting point, the most prolific exemption invoked by Mr. Cahill is tenancy by the entirety. This exemption is permitted under Section 522(b)(3)(B) of the Bankruptcy Code and is without any statutory (or other) limitation. Cross-referencing the section numbers on Mr. Cahill's

2

amended schedule A/B (DE #65), it is respectfully suggested the following assets are subject to this exemption *en toto*:

    1.1 – Real property located at 13312 Drew Lane, Potomac, Maryland 20854

    1.2 – Real property located at 3401 Lowell Street, NW, Washington, DC 20016

    6.1 – Household goods and furnishings

    6.2 – Beverage center / washer and dryer / outdoor grilling station / wine cooler

    7.1 – Various delineated electronics

    8.1 – Artwork

    13.1 – Family pets

    17.1 – Joint bank account

    17.2 – Joint bank account

    28.1 – Any tax refund for 2022

    28.4 – Tax refund for sale of Delaware home (discussed further *infra*)

The next most prolific exemption is the so-called "wild card" set forth in Section 522(d)(5) of the Bankruptcy Code, which allows up to $13,950.00 in exemptions *provided* that no single asset exempted may have a value in excess of $1,475.00. Using the same scheme, it is respectfully suggested the following assets are subject to this exemption in the amounts indicated:

    3.2 – 2021 Volvo XC60

        Gross Value: $38,992.00

        Lien: $38,833.00

        Net Equity: $159.00

        Exempt: $159.00

        Unexempt: $0.00

3.4 – 2017 Ford F-150

    Gross Value: $30,192.00

    Lien: $24,981.52

    Ownership Interest: 50% (half owned by separate entity)

    Net Equity: $2,605.24

    Exempt: $1,475.00

    Unexempt: $1,130.24

4.1 – Three Vespas

    Gross Value: $500 each

    Net Equity: $500 each

    Exempt: $500 each

    Unexempt: $0.00

8.2 – Coin collection

    Gross Value: $100.00

    Net Equity: $100.00

    Exempt: $100.00

    Unexempt: $0.00

11.1 – Clothing

    Gross Value: $500.00

    Net Equity: $500.00

    Exempt: $500.00

    Unexempt: $0.00

12.1 – Breitling watch (damaged)

    Gross Value: $2,500.00

    Net Equity: $2,500.00

    Exempt: $1,475.00

    Value Net of Exemption: $1,025.00

    Exempt Under Section 522(d)(4) (jewelry exemption): $1,025.00

    Unexempt: $0.00

12.2 – Rolex watch

    Gross Value: $4,000.00

    Net Equity: $4,000.00

    Exempt: $1,475.00

    Value Net of Exemption: $2,525.00

    Exempt Under Section 522(d)(4) (jewelry exemption): $850.00

    Unexempt: $1,675.00

As noted in the foregoing discussion, Section 522(d)(4) permits a jewelry exemption up to $1,875.00. This exemption is exhausted as a supplement to the "wild card" exemption of the items set forth on lines 12.1 (Breitling watch) and 12.2 (Rolex watch).

Section 522(d)(2), in turn, permits an exemption of $4,450.00 in "one motor vehicle." As noted *supra*, the Debtor's interest in his 2021 Volvo XC60 is fully exempt by virtue of a separate exemption. And the Debtor's interest in a 2017 Ford F-150 is fully exempt, save for $1,130.24, by virtue of a separate exemption. This exemption is accordingly applied to the following item:

3.1 – BMW X5

> Gross Value: $17,000.00
>
> Net Equity: $17,000.00
>
> Exempt: $4,450.00
>
> Unexempt: $12,550.00[1]

The only asset not covered in the foregoing exemptions analysis is Mr. Cahill's retirement account, noted as item 21.1. The Trustee does not appear to take issue with the Debtor's exemption of this asset under Section 522(b)(3)(C) of the Bankruptcy Code, which provides for an unlimited exemption of retirement funds.

In sum, the application of the foregoing exemptions leaves the Trustee with the following unexempt interests in assets:

> 3.1 – BMX X5 – $11,075.00 (*see* n. 1)
>
> 3.4 – Ford F-150 – $1,130.24
>
> 12.2 – Rolex watch - $1,675.00

All other assets have been fully exempted on Mr. Cahill's amended schedules, and it is respectfully urged all other assets are thusly beyond the reach of the Trustee *sub judice*.

### III.   Argument: The Delaware Tax Refund is Exempt

The analysis set forth above notwithstanding, it would seem the Trustee is not likely pursuing the Objection over $13,880.24 in unexempt portions of vehicles and a watch. The core of the filing, rather – and appropriately so – appears to be focused on an $88,189.86 tax refund the Debtor and his husband received from the State of Delaware, as indicated on line 28.2 of Schedule

---

[1] Mr. Cahill has not exhausted the "wild card" exemption and, if the Trustee were to endeavor to sell this asset, would accordingly supplement his exemptions to note an additional exemption of $1,475.00, reducing the unexempt interest to $11,075.00.

A/B (DE #65). The Trustee posits that the estate either (i) owns 100% of the refund, since the refund lacked unity of interest; or (ii) owns $44,094.93, being one half of the refund and, as such, the Debtor's equal interest therein (with the Debtor's husband being a non-filing spouse whose assets are not under the Trustee's purview). In this regard, the Trustee is errant; the whole of the refund is exempt. To the extent this Honorable Court finds otherwise, however, it would only be the half of the refund belonging to the Debtor that would enter the estate.

As a starting point, and as the Trustee correctly observes, the tax refund comes from the sale – by Mr. Cahill and his spouse – of a home in Delaware (the "Sussex County House"). The Sussex County House was deeded to Mr. Cahill and his spouse, on July 3, 2014, "as tenants by entirety." *See* Sussex County Land Records, Book 4280, Page 338.[2] The at-issue refund is a return of monies withheld for the payment of taxes at the time of the Sussex County House's sale to a third party, received by Mr. Cahill and his non-filing spouse post-petition.

The inquiry thusly turns on the character of the refund. Proceeds of the sale of an asset owned as tenants by the entirety are generally regarded as, too, being exempt under the tenancy by the entirety doctrine. *See, e.g.*, *Bruce v. Dyer*, 524 A.2d 777, 783 (Md. 1987) ("It is noteworthy that proceeds from the sale of land held by the entireties ordinarily, but not inevitably, continue to be held by the entireties.") (citing *E. Shore Bldg. & Loan Corp. v. Bank of Somerset*, 253 A.2d 367, 371 (Md. 1969); *Beard v. Beard*, 44 A.2d 469, 472 (Md. 1945); *Brell v. Brell*, 122 A. 635, 637 (Md. 1923)); *In re Zella*, 196 B.R. 752, 754 (Bankr. E.D. Va. 1996) ("This is true not only of the land itself, but of the proceeds of sale of the land.") (citing *Oliver v. Givens*, 129 S.E.2d 661 (Va. 1963); *Pitts v. United States*, 408 S.E.2d 901 (Va. 1991)); *In re Montemoino*, 491 B.R. 580,

---

[2] Same sex marriage was recognized in Delaware prior to the Supreme Court's decision in *Obergefell v. Hodges*, 576 U.S. 644 (2015).

7

583 n. 1 (Bankr. M.D. Fla. 2012) ("In this case, as explained below, there is no question that the Debtor and her non-filing spouse owned the real property as tenants by the entirety and that the net sales proceeds were also owned in the tenancy by the entireties form.").

Here, at the time this case was commenced, a portion of the proceeds of an exempt, tenancy by the entirety asset (the Sussex County House), were being held by the State of Delaware, having been over-withheld at the time of sale. These were the proceeds of the sale of a tenancy by the entirety asset and, per *Bruce* and the authorities cited therein, were fully exempt in nature. That the monies would not be turned over to the Debtor and his non-filing spouse until after this case was commenced is immaterial, nor could any post-receipt (and post-petition) action on the part of Mr. Cahill and his non-filing spouse serve to transmute the exempt nature of this asset "as of the commencement of the case." 11 U.S.C. § 541.

If, *arguendo*, the tenancy by the entirety exemption were somehow broken along the way (and it is respectfully urged the exemption was properly preserved at all times relevant pre-petition), the Trustee would still only be entitled to Mr. Cahill's one-half interest in the monies. There is no basis to assert that Mr. Cahill's husband would not own, at irreducible minimum, one half of the proceeds. And it would necessarily follow that Mr. Cahill's interest – which, in turn, would have become an asset of the estate – could not have been any more than one half of the proceeds.

## IV.    Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court overrule the Objection and afford such other and further relief as may be just and proper.

**[SIGNATURE ON FOLLOWING PAGE]**

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
THE BELMONT FIRM
1050 Connecticut Avenue NW,
Suite 500
Washington, DC 20036
Phone: (301) 444-4600
E-mail: mac@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August, 2023, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- Justin Philip Fasano    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com;dmoorehead@mhlawyers.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- Leah Christina Freedman    bankruptcy@bww-law.com, leah.freedman@bww-law.com
- James M. Hoffman    jhoffman@offitkurman.com, mmargulies@offitkurman.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- Laura J. Margulies    trustee@law-margulies.com, lmargulies@ecf.axosfs.com
- Daniel J. Pesachowitz    dpesacho@siwpc.com, rjones@siwpc.com;bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com
- Richard M. Sissman    RSissmanesq@his.com
- Paul Sweeney    psweeney@yvslaw.com, jbeckman@yvslaw.com;pgomez@yvslaw.com;cadams@yvslaw.com;yvslawcmecf@gmail.com;sweeneypr39990@notify.bestcase.com;hopkincr39990@notify.bestcase.com;vmichaelides@yvslaw.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

9