## GLOBAL SETTLEMENT AGREEMENT

This Global Settlement Agreement ("Settlement Agreement") is entered into by and between: Christopher Cahill ("Christopher"), Richard Cahill ("Richard") (collectively referred to as "Messrs. Cahill"), and Laura J. Margulies, in her capacity as the Chapter 7 trustee of the bankruptcy estates of (i) Christopher; (ii) CJ Cahill Design Build Inc. ("Design Build"); and (iii) Botanical Decorators, Inc. ("Botanical") (the "Trustee"), all of which are hereinafter collectively referred to as the "Parties."

## RECITALS

WHEREAS, on November 7, 2022, Botanical petitioned for Chapter 7 relief pursuant to Section 301 of Title 11 of the United States Code, in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"), and thereby commenced case number 22-16223-MCR (the "Botanical Case"), with the Trustee thereafter being appointed to serve in the Botanical case; and

WHEREAS, on November 7, 2022, Design Build petitioned for Chapter 7 relief pursuant to Section 301 of Title 11 of the United States Code, in the Bankruptcy, and thereby commenced case number 22-16226-MCR (the "Design Build Case"), with the Trustee thereafter being appointed to serve in the Design Build case; and

WHEREAS, on December 2, 2022, Christopher petitioned for Chapter 7 relief pursuant to Section 301 of Title 11 of the United States Code, in the Bankruptcy Court, and thereby commenced case number 22-16740-MCR (the "Individual Case"), with the Trustee thereafter being appointed to serve in the Individual case; and

WHEREAS, various disputes have arisen between the Trustee and Christopher concerning, *inter alia*, (i) the exemptions claimed by Christopher in the Individual Case; (ii) the ownership of a tax refund – and resultant exempt status, *vel non* – received by Christopher and Richard following

the commencement of the Individual Case; (iii) the existence, *vel non*, of fraudulent conveyances from Botanical and/or Design Built to Christopher and/or Richard; and (iv) the obligation, *vel non*, of Christopher and/or Richard to return to Design Build and/or Botanical any payments deemed preferential under Section 547 of Title 11 of the United States Code; and

WHEREAS, some – but not all – of the foregoing disputes were formalized through the Trustee's filing of an adversary proceeding against Christopher and Richard, with said proceeding being filed on November 22, 2023 and assigned case number 23-287-MCR (the "Adversary Proceeding"); and

WHEREAS, on July 20, 2023, the Trustee objected to Christopher's amended exemptions, with said objection (the "Exemptions Objection") being found at docket entry 68 in the Individual Case; and

WHEREAS, the Parties have mediated these disputes through the services of a third party neutral as well as between and amongst their respective counsel, with an enduring mutual desire to reach a global settlement; and

WHEREAS, Christopher and Richard deny being indebted to the Trustee and dispute, both substantively and legally, the myriad allegations underlying the Adversary Proceeding; and

WHEREAS, the Parties, wishing to avoid the expense, uncertainty, and general duress of litigation, and wishing to formally and finally resolve any and all disputes between and amongst Messrs. Cahill and the Trustee, elect to now enter into this Settlement Agreement;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, IT IS AGREED as follows:

## AGREEMENT

1. **Exemptions**. Within five (5) days of this Settlement Agreement being approved by the Bankruptcy Court, the Parties shall file in the Individual Case a proposed consent order wherein

the Exemptions Objection is resolved by (i) all assets of Mr. Cahill being deemed fully exempt, except (ii) a portion of Christopher's 401(k) retirement account, as scheduled at line 21 of Schedule A/B at docket entry 65 in the Individual Case, equal to Seventy Five Thousand Five Hundred Dollars and No Cents ($75,500.00), shall be deemed non-exempt (the "Non-Exempt 401(k) Portion"). For the avoidance of ambiguity, the whole of Christopher's retirement account, saving and excepting the Non-Exempt 401(k) Portion, shall remain fully exempt; the Trustee acknowledges the subject account contains funds well in excess of the Non-Exempt 401(k) Portion and the election to treat part – but not the whole – of the retirement account as non-exempt is the byproduct of a negotiated compromise. Should the Trustee not thereafter obtain the Non-Exempt 401(k) Portion (as defined below) in the time period set forth in Section 3 hereof, the Parties shall then jointly move to vacate the foregoing consent order and Christopher shall be deemed to have waived any temporal or statute of limitations-centric defense to any new objection to his exemptions filed by the Trustee and the parties may pursue litigation of the Adversary Proceeding.

2. **Turnover**. At such a time as the Trustee deems proper, but in no event more than six months after entry of an order resolving the Exemptions Objection, the Trustee shall file a motion with this Court seeking turnover of the Non-Exempt 401(k) Portion from the custodian of Christopher's retirement account (the "Turnover Motion"). Christopher shall execute a consent order acknowledging his acquiescence to – and support of – the Turnover Motion (the "Turnover Consent Order").

3. **Release of Funds**. The Parties shall cooperate in efforts to effectuate the terms of the Turnover Consent Order. If the Trustee is not able to obtain the Non-Exempt 401(k) Portion within 45 calendar days of the entry of the Turnover Consent Order, the Parties may – but shall not be required to – stipulate to an additional period of time for such to occur, with such additional

period of time being equal to not more than 60 calendar days. Should the Trustee remain unable to obtain the Non-Exempt 401(k) Portion within the foregoing time period, this Settlement Agreement shall be void *ab initio* and the parties may continue to litigate their disputes

        4.    **Release of Messrs. Cahill**. The Trustee, on behalf of herself, the bankruptcy estate of Christopher, the bankruptcy estate of Botanical, the bankruptcy estate of Design Build, and each such respective estate's agents, successors, trustees, abandonees, subsidiaries, parents, affiliates, heirs and assigns, does hereby settle, release, waive, remise and discharge Messrs. Cahill (individually and collectively), together with Messrs. Cahill's respective successors, heirs, assigns, and closely held companies that are not presently debtors in bankruptcy, from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any of them has or ever had against Messrs. Cahill, since the beginning of time through the Effective Date, *provided*, however, that such release shall only become effective upon the Trustee obtaining the Non-Exempt 401(k) Portion in the time period specified in Section 3 hereof. The release set forth in this Section 4 shall be construed to be as broad as may be permitted under governing law, and expressly includes any claims the Trustee may have to assets of Christopher not otherwise disclosed in the Individual Case, *except* the Trustee does not release any claim to recover any asset individually valued at more than Ten Thousand Dollars and No Cents ($10,000.00) at the time the Individual Case was commenced, if such asset was not disclosed by Christopher – in his schedules, at a meeting held pursuant to Section 341 of Title 11 of the United States Code, or in another formal context – prior to the date of this Settlement Agreement.

        Upon execution hereof, Christopher Cahill and Richard Cahill, on behalf of themselves, and each such respective person's agents, successors, trustees, abandonees,

subsidiaries, parents, affiliates, heirs and assigns, does hereby settle, release, waive, remise and discharge the Trustee and the Estates of Design Build, Botanical and the Individual Case, together with her and their respective successors, heirs and assigns, from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any of them has or ever had since the beginning of time through the Effective Date. The release set forth in this Section 4 shall be construed to be as broad as may be permitted under governing law, and expressly includes any claims they may have as a result of paying the Non-Exempt 401(k) Portion herein.

5. **Dismissal of Litigation.** Within three (3) business days of the Trustee obtaining the Non-Exempt 401(k) Portion, the Parties shall file a joint stipulation of dismissal, with prejudice, in the Adversary Proceeding.

6. **Unused Retainer.** The Parties acknowledge that prior to any of Christopher, Botanical, and Design Build becoming debtors in bankruptcy, one or more of the foregoing paid a retainer to The VerStandig Law Firm, LLC d/b/a The Belmont Firm, a portion of which was allocated to the provision of legal services for CJC & Associates Inc. The Trustee acknowledges such retainer is, either directly or derivatively, amongst the assets of Christopher deemed fully exempt by this Settlement Agreement, and does further consent to Christopher directing said retainer be re-allocated, by his counsel of record in the Individual Case, to cover such fees and expenses as may have been incurred by counsel in the Individual Case.

7. **Further Assurances.** The Parties shall execute such further and additional documents as may be necessary to effectuate the terms of this Settlement Agreement and shall cooperate, in good faith, so as to effectuate the terms of this Settlement Agreement.

DocuSign Envelope ID: 91651580-B13D-4D47-961F-85F537ECAADE

8. **Further Cooperation.** Christopher shall reasonably cooperate in any actions the Trustee may pursue, formally or informally, against third parties, including through his production – within ten days of the filing with the Bankruptcy Court of a motion to approve the terms of this Settlement Agreement – of bank records of Botanical, for the period of June 1, 2021 through September 1, 2021.

9. **Judicial Approval.** Within ten (10) business days of the execution of this Settlement Agreement, the Trustee shall file a motion – in each of the Individual Case, the Botanical Case, and the Design Build case – pursuant to Federal Rule of Bankruptcy Procedure 9019, seeking approval of the terms of this Settlement Agreement. Should said motion be denied in any one or more of the three foregoing cases, this Settlement Agreement shall be void.

10. **No Admission of Liability.** Neither Christopher nor Richard enter into this Settlement Agreement for purposes of admitting any liability and, to the contrary, this Settlement Agreement is entered into solely out of a desire to avoid future litigation.

11. **Terminology.** When the masculine gender is used herein, it shall also mean the feminine gender, where appropriate, and the plural shall mean the singular, and vice-versa, where appropriate. The words "and" and "or" shall be construed as meaning "and/or" except where contextually inappropriate.

12. **Entire Understanding.** This Settlement Agreement contains the entire understanding between the Parties. No modification or waiver of any of the terms of this Settlement Agreement shall be valid unless made in writing and signed by the Parties in a manner no less formal than that with which this Settlement Agreement is executed.

13. **Savings Clause.** If any provision of this Settlement Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

14. **No Waiver**. Any waiver or breach or default of this Settlement Agreement shall not be deemed a waiver of any subsequent breach or default. If any Party fails in due performance of any of his or her obligations hereunder, the aggrieved Party shall have the right to sue for damages for the breach thereof, or to seek other legal remedies as may be available to him or her, and the defaulting Party shall pay the reasonable legal fees and expenses incurred by the aggrieved Party as a result of the breach.

15. **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Signature pages transmitted via facsimile or by email in Portable Document Format (PDF) shall be deemed original signatures for all purposes. This Settlement Agreement may be executed in duplicate and the duplicate shall have the same force and effect as if it were the original copy. This Settlement Agreement may be executed by electronic means if done through a reputable third party purveyor of electronic signatures, with DocuSign and Adobe expressly being such reputable third party purveyors.

16. **Governing Law.** This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the United States of America and the State of Maryland.

17. **Headings.** The headings used in this Settlement Agreement are for ease of reference only and shall not be deemed a substantive portion of this Settlement Agreement.

18. **Construction.** This Settlement Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party who caused it to be drafted.

19. **Recitals.** The above recitals form an integral and substantive part of this Settlement Agreement and are incorporated herein by reference.

[*Continued on Following Page*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement on the dates indicated.

| Date | Laura J. Margulies<br>*In Her Official Capacity as Chapter 7 Trustee of the Bankruptcy Estates of Christopher Cahill, CJ Cahill Design Build Inc., and Botanical Decorators, Inc.* |
|---|---|
| 3/22/2024<br>Date | Christopher Cahill |
| 3/22/2024<br>Date | Richard Cahill |

4894-3491-2173, v. 2

*[Continued on Following Page]*

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement on the dates indicated.

3/23/24
Date

Laura J. Margulies
*In Her Official Capacity as Chapter 7 Trustee of the Bankruptcy Estates of Christopher Cahill, CJ Cahill Design Build Inc., and Botanical Decorators, Inc.*

3/22/2024
Date

Christopher Cahill

3/22/2024
Date

Richard Cahill

4894-3491-2173, v. 2