UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| BOTANICAL DECORATORS, INC. | * | Case No:  22-16223 MCR |
| Debtor | * | (Chapter 7) |

| | | |
|---|---|---|
| In re: | * | |
| LAURA J. MARGULIES, CHAPTER 7 TRUSTEE FOR CJ CAHILL DESIGN BUILD, INC., et al. | * * | |
| Plaintiffs | * | Adv. Proc. No.  23-00287 MCR |
| v. | * | |
| CHRISTOPHER JOHN CAHILL, et al. | * | |
| Defendants | * | |

| | | |
|---|---|---|
| In re: | * | |
| CHRISTOPHER JOHN CAHILL | * | Case No: 22-16740 MCR |
| Debtor | * | |

**MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE**

Laura J. Margulies, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estates of CJ Cahill Design Build, Inc. ("Design Build"), Botanical Decorators, Inc. ("Botanical") (together, Design Build and Botanical are referred to in the aggregate as the ("Debtor Entities") and Christoher John Cahill ("Christopher"), by and through her undersigned counsel, hereby submits this Motion to Compel Turnover of Property of the Estate and respectfully represents:

1

1. On November 7, 2022, the Debtor Entities filed a Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code (the "Petition Date").

2. On December 2, 2022, Christpher John Cahill ("Christopher") filed a Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code under Case No. 22-16740-MCR ("Individual Case").

3. The Trustee is the duly appointed and acting Trustee for the bankruptcy estates of the Debtor Entities and in the Individual Case.

4. Richard Cahill ("Richard") is the spouse of Christopher.

5. The Trustee filed multiple Objections to Christopher's Amended Claim of Exemptions in the Individual Case ("Exemption Objections") relating to a Delaware tax refund as well as additional personal property that the Trustee claimed exceeded the applicable exemptions and/or was not subject to an exemption as tenancy by the entireties due to the Debtor Entities' and the Individual Case's joint claims against Christopher and Richard.

6. On November 22, 2023, the Trustee filed a Complaint in this Adversary Proceeding against Christopher and Richard alleging various causes of action ("Adversary Case") including, but not limited to, fraudulent transfers and preferential transfers.

7. The Parties engaged the services of a third-party mediator. After extensive negotiations lasting months between the Parties, and to avoid the significant costs of further investigation into the facts in this case, the costs of litigation and the risk of loss, the Parties have reached an agreement (the "Settlement Agreement") to settle the claims regarding the Transfers between the Debtor Entities, on the one hand, and Christopher and Richard, on the other hand, as well as the disputes between the Trustee and Christopher over his claims of exemptions in the Individual Case.

8. Under the Settlement Agreement, Christopher agreed to amend his exemptions to reduce the amount of exempt retirement funds by a total sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00). The parties are settling their disputes for the total sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00), but the Trustee and Christopher recognize that the Trustee may need a Court Order to compel the financial institution that manages Christopher's 401(k)-retirement account to turnover the sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00).

9. Under the terms of the Settlement Agreement, Paragraph 2 states "Christopher shall execute a consent order acknowledging his acquiescence to – and support of – the Turnover Motion (the "Turnover Consent Order")…"

10. However, as of the date of this Motion, Christopher has not signed such Turnover Consent Order and is therefore in breach of the settlement agreement.

11. On April 4, 2024, the Trustee filed a Motion to Approve Compromise in the Adversary Case [DE 28] and a Notice of Motion to Approve Compromise in the Individual Case [DE 132].

12. On May 10, 2024, the Court entered the Consent Order Granting Motion to Approve Compromise.

13. On May 24, 2024, the Debtor filed a Line Attaching Consent Order resolving the disputes between the Parties regarding the Debtor's Claim of Exemptions (DE 138 of Christopher's Individual Case) and attached the Consent Order ("Consent Order Regarding Exemptions"). However, the Debtor did not upload the Consent Order Regarding Exemptions according to the Court's procedures, and it did not contain the proper certification regarding signatures.

14. On June 6, 2024, the Trustee uploaded the revised Consent Order Regarding Exemptions and on June 10, 2024, the Court entered the Consent Order Regarding Exemptions. DE 140.

15. The Consent Order Regarding Exemptions contains a scrivener's error stating that the amount that Christopher is to turnover is $75,000.00 instead of the correct amount of $75,500.00. However, since the Settlement Agreement signed by the Parties as well as the Court's Order Granting Motion to Approve Compromise state that the settlement amount is $75,500.00, it is understood and accepted by the Parties that the amount that Christopher is to turnover shall be $75,500.00.

16. Accordingly, the Trustee requests that the Court enter an order to compel the Debtor, Christopher John Cahill, or his agent to turn over to the Trustee the sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00), which represents the non-exempt portion of his 401(k)-retirement account.

WHEREFORE, the Trustee respectfully requests that this Court enter the attached Order, ordering the Debtor, Christopher John Cahill, and his financial institution to turn over to the Trustee:

1. The sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00) from Christopher's 401(k) retirement account in certified funds; and

2. Grant such other and further relief as is just and proper.

Date: June 14, 2024                                              Respectfully submitted,

*/s/ James M. Hoffman*
James M. Hoffman (Bar # 04914)
Offit Kurman, P.A
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
(240) 507-1710

                                      (240) 507-1735  Facsimile
                                      jhoffman@offitkurman.com
                                    *Attorneys for Laura J. Margulies, Trustee*

## **CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY, that on this 14th day of June 2024, a copy of the foregoing Motion and Proposed Consent Judgment were served via this Court's CM/ECF system upon the following parties:

Parties under Adv Proc. No.: 23-00287:

- **Justin Philip Fasano**     jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; dmoorehead@mhlawyers.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- **James M. Hoffman**     jhoffman@offitkurman.com, mmargulies@offitkurman.com
- **Maurice Belmont VerStandig**     mac@mbvesq.com, lisa@mbvesq.com; mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Parties under Christopher's case:

- **Corinne Donohue Adams**     cadams@yvslaw.com, cadams@yvslaw.com; pgomez@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;r39990@notify.bestcase.com
- **Justin Philip Fasano**     jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; dmoorehead@mhlawyers.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- **Leah Christina Freedman**     bankruptcy@bww-law.com, leah.freedman@bww-law.com
- **James M. Hoffman**     jhoffman@offitkurman.com, mmargulies@offitkurman.com
- **Lawrence A. Katz**     lkatz@hirschlerlaw.com, llewis@hirschlerlaw.com; aklena@hirschlerlaw.com;ndysart@hirschlerlaw.com
- **Michael J. Klima**     bankruptcy@peroutkalaw.com
- **Lynn A. Kohen**     lynn.a.kohen@usdoj.gov
- **Laura J. Margulies**     trustee@law-margulies.com, lmargulies@ecf.axosfs.com
- **John McKenna**     jackmckenna@asm-law.com
- **Gregory Christopher Mullen**     bankruptcy@bww-law.com, gregory.c.mullen@gmail.com
- **Jason S. Ordene**     jordene@bregmanlaw.com, mgomes@wtplaw.com
- **Jeffrey M. Orenstein**     jorenstein@wolawgroup.com
- **Daniel J. Pesachowitz**     dpesacho@siwpc.com, rjones@siwpc.com; bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com
- **Richard M. Sissman**     RSissmanesq@his.com
- **US Trustee - Greenbelt**     USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**     mac@mbvesq.com, lisa@mbvesq.com; mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I FURTHER CERTIFY, that on this 14th day of June 2024, a copy of the foregoing Motion to Approve Compromise and Proposed Consent Order were served via regular U.S. Mail, postage prepaid upon the following parties:

Christopher John Cahill
13312 Drew Lane
Potomac, MD 20854

    /s/ James M. Hoffman
James M. Hoffman

4877-4506-4882, v. 6