UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | * |
| CHRISTOPHER JOHN CAHILL | *   Case No: 22-16740 MCR |
| Debtor | * |

MOTION BY CHAPTER 7 TRUSTEE FOR APPROVAL
OF COMPROMISE WITH FIRST SAVINGS MORTGAGE CORPORATION

Laura J. Margulies, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate of Christopher John Cahill, by and through undersigned counsel, hereby files this Motion for Approval of Compromise with First Savings Mortgage Corporation, pursuant to 11 U.S.C. § 105 and Federal Rules of Bankruptcy Procedure 9019 and 2002(a)(3), and in support states as follows:

## FACTS

1. On December 2, 2022, Christpher John Cahill ("Christopher") filed a Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code under Case No. 22-16740-MCR ("Individual Case").

2. The Trustee is the duly appointed and acting Trustee for the bankruptcy estates of the Debtor Entities and of Christopher.

3. Richard Cahill ("Richard") is the spouse of Christopher.

4. Among the assets of the estate is real property located at 3401 Lowell Street, NW, Washington, DC 20016 (the "Property") owned jointly by the Debtor and his spouse.

5. The Debtor scheduled the Property has having a value of $1.7 million.

6. The Property is secured by a Deed of Trust in favor of First Savings Mortgage Corporation ("First Savings Mortgage") dated April 2, 2019 and recorded on April 9, 2019 as

1

Instrument Number 2019035720 among the land records of the District of Columbia ("Deed of Trust") made by the Debtor and Richard Cahill. The Note and Deed of Trust is being serviced by Pentagon Federal Credit Union and has an outstanding obligation of $1,309,217.50, according to the Motion for Relief from Automatic Stay ("Lift Stay Motion") filed by Pentagon Federal Credit Union. DE 86.

7. On September 19, 2024, the Trustee filed an Opposition to the Lift Stay Motion and alleged that the Property has a value that exceeded the Debtor's scheduled value, and that substantial net equity existed which may result in a distribution to pay unsecured creditors of the Estate.

8. The Trustee thereafter learned that the Property is blighted and had far less value than represented and anticipated.

9. The Property continued to accrue taxes on the basis that it was a vacant/blighted property. Our concern is that the property is idle, and continues to accrue taxes, and which has been taxed at the vacant/blighted rate. As of August 27, 2024, the accrued taxes were $457,693.65.

10. After lengthy negotiations between the Parties, and to avoid the significant costs of litigation, the risk of loss, and the costs of listing the Property, the Parties have reached an agreement (the "Settlement Agreement") to settle their claims regarding the Estate's interest in the equity of the Property.

11. Under the Settlement Agreement below, First Savings Mortgage has agreed to pay the Estate the sum of Seven Thousand Five Hundred Dollars ($7,500) ("Settlement Payment") in consideration for the Trustee and Richard Cahill executing a Deed in Lieu of Foreclosure. Richard Cahill will also execute a Deed in Lieu of Foreclosure Certificate (the Deed in Lieu of Foreclosure and Deed in Lieu of Foreclosure Certificate are hereinafter referred to in the aggregate as "DIL")

so the Trustee, the Debtor and Richad Cahill will all transfer their interest in the Property to First Savings Mortgage to allow it to sell the Property. Such DIL has been fully executed but is subject to final approval by this Court. A copy of the executed DIL is attached hereto as **Exhibit A**. Additional terms of the Settlement Agreement are summarized as follows:

   A.   The Debtor and Richard Cahill waive and relinquish any and all right, title and interest, legal equitable or otherwise in the Property and any claim of exemption they have or could assert to the Property.

   B.   The Settlement Payment will be made payable to "<u>Laura J. Margulies, Trustee</u>" and delivered to: <u>Laura J. Margulies, Trustee at 7050 W. Palmetto Park Road, Ste 15-390, Boca Raton, FL 33433,</u>

   C.   Upon the receipt of the Settlement Payment described herein by First Savings Mortgage Corporation, the Bankruptcy Estate releases any and all known claims that it holds against First Savings Mortgage Corporation, and First Savings Mortgage Corporation releases any and all claims it holds against the Bankruptcy Estate.

   D.   This Settlement Agreement is conditioned upon entry of a final order by the U.S. Bankruptcy for the District of Maryland.

## Legal Standard

In approving a proposed settlement, the Bankruptcy Court must determine whether the settlement is in the best interests of the estate. While it is the obligation of a bankruptcy court to independently review a proposed compromise to determine whether it is fair, equitable, and in the best interests of the bankruptcy estate, settlements are to be encouraged. *See United States ex. rel. Rahman v. Oncology Associates, P.C.,* 269 B. R. 139, 149 (Banker. D. Md. 2001), *aff'd by,* 61 Fed. Appx. 860 (4th Cir. 2003). When recovering assets that may involve "protracted investigation or potentially costly litigation, with no guarantees as to the outcome, the trustee must tread cautiously—and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle." *In re Mailman Steam Carpet Cleaning Corp.,* 212 F.3d 632, 635 (1st Cir.), *cert. denied,* 120 S. Ct. 2661 (2000).

A bankruptcy court must examine whether the trustee's actions in settling fall within the universe of reasonable action, not whether pressing onward might produce more funds for the estate. *See In re Bowman*, 181 B. R. 836, 846 (Bankr. D. Md. 1995) ("The court may approve the settlement over objections, unless the proposed settlement falls below the lowest point of reasonableness") (*citing In re W. T. Grant Co.*, 699 F.2d 599, 608, 613 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983)); *In re Ashford Hotels, Ltd.*, 226 B. R. 797, 802 (Bankr. S.D. N.Y. 1998) (viewing settlement within the "lowest point in the range of reasonableness").

In this case, the proposed settlement of the claims by the Estate against First Savings Mortgage as set forth herein, falls within the reasonableness standards established for the Trustee's Proposed Compromise under Bankruptcy Rule 9019 and will result in the satisfaction of claims against First Savings Mortgage and any and all claims First Savings Mortgage may have against the Estate. Because of the uncertainty concerning the outcome of the potential litigation, the proposed settlement is reasonable and in the best interests of the Estate.

Pursuant to Maryland Local Bankruptcy Rule 9013-2, the Trustee has not filed a separate Memorandum of Law in support of this Motion and relies solely upon this Motion.

WHEREFORE, the Trustee requests that this Court grant the following relief:

A. For entry of an Order granting the Trustee's Motion for Approval of Compromise with First Savings Mortgage Corporation;

B. For entry of an Order authorizing the Trustee to enter into the Settlement Agreement described above;

C. Authorizing the Trustee to take any and all actions and to complete the administration of the Estate; and

D. Granting such other and further relief as this Court deems fair and just.

                                              Respectfully Submitted,

Dated:  January 15, 2025                  */s/ James M. Hoffman*
                                              James M. Hoffman (Bar #04914)
                                              Offit Kurman, P.A.
                                              7501 Wisconsin Ave, Suite 1000W
                                              Bethesda, MD 20814
                                              Telephone: (240) 507-1710
                                              JHoffman@offitkurman.com
                                              *Attorney for Laura J. Margulies, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY, that on this 15th day of January 2025, a copy of the foregoing Motion to Approve Compromise, Notice and Proposed Order were served via this Court's CM/ECF system upon the following parties:

- **Corinne Donohue Adams**    cadams@yvslaw.com, cadams@yvslaw.com;pgomez@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@gmail.com;r39990@notify.bestcase.com
- **Justin Philip Fasano**    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; dmoorehead@mhlawyers.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- **Leah Christina Freedman**    bankruptcy@bww-law.com, leah.freedman@bww-law.com
- **James M. Hoffman**    jhoffman@offitkurman.com, mmargulies@offitkurman.com
- **Lawrence A. Katz**    lkatz@hirschlerlaw.com, llewis@hirschlerlaw.com;aklena@hirschlerlaw.com;ndysart@hirschlerlaw.com
- **Michael J. Klima**    bankruptcy@peroutkalaw.com
- **Lynn A. Kohen**    lynn.a.kohen@usdoj.gov
- **Laura J. Margulies**    trustee@law-margulies.com, lmargulies@ecf.axosfs.com
- **John McKenna**    jackmckenna@asm-law.com
- **Gregory Christopher Mullen**    bankruptcy@bww-law.com, gregory.c.mullen@gmail.com
- **Jason S. Ordene**    jordene@bregmanlaw.com, mgomes@wtplaw.com
- **Jeffrey M. Orenstein**    jorenstein@wolawgroup.com
- **Daniel J. Pesachowitz**    dpesacho@siwpc.com, rjones@siwpc.com;bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com
- **Richard M. Sissman**    RSissmanesq@his.com
- **US Trustee - Greenbelt**    USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

5

    I FURTHER CERTIFY, that on this 15th day of January 2025, a copy of the foregoing Motion to Approve Compromise and Proposed Order were served via regular U.S. Mail, postage prepaid upon the following parties:

Christopher John Cahill
13312 Drew Lane
Potomac, MD 20854

Richard Cahill
13312 Drew Lane
Potomac, MD 20854

Bizhan Beiramee, Esq.
Beiramee Law Group, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, MD 20814
*Counsel for First Savings Mortgage Corporation*

                                                     */s/ James M. Hoffman*
                                                    James M. Hoffman

4935-8027-0348, v. 4